UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14187-CV-MOORE
MAGISTRATE JUDGE REID

JOHN TRIPODI,

      Petitioner,

v.

STATE OF FLORIDA,

      Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE RECOMMENDING DISMISSAL AS TIME-BARRED RE STATE HABEAS PETITION - 28 U.S.C. § 2254

### I. Introduction

Petitioner, **John Tripodi,** a convicted felon currently confined at the Taylor Correctional Institution, has filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his multiple convictions for possession of child pornography entered following a no contest plea in Martin County Circuit Court, **Case No. 432016CF000692A.** [ECF No. 1].

This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. of Fla. Admin. Order 2019-02, and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. [ECF No. 2].

For its consideration of this Petition [ECF No. 1], the Court has copies of Petitioner's state and appellate court dockets, which have been made part of this record by separate court order, and takes judicial notice of those records. *See* Fed. R. Evid. 201; *see also Nguyen v. United States,* 556

F.3d 1244, 1259 n. 7 (11th Cir. 2009) (quoting *United States v. Glover,* 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999).

Because summary dismissal is warranted, Respondent has not been ordered to file a response. *See* R. 4(b), Rules Governing Section 2254 Cases in the United States District Courts (allowing for summary dismissal of a § 2254 motion if "it plainly appears from the face of the motion and any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to relief."); *see also Paez v. Sec'y, Fla. Dep't of Corr.,* 947 F.3d 649, 651 (11th Cir. 2020) (holding that untimely petitions are subject to dismissal at screening stage under Rule 4 if the court provides petitioner with notice and an opportunity to be heard).

## II. Claims

Construing the arguments liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)(per curiam), Petitioner raises two grounds for relief challenging the constitutionality of his enhanced sentences. [ECF No. 1 at 5, 7].

## III. Relevant State Court Procedural History

On December 22, 2017, Petitioner was sentenced to a total term of fifteen years of imprisonment for multiple counts of possession of child pornography following the entry of a no-contest plea. [ECF No. 1-2]. The judgment was entered on **January 9, 2018.** [1] Petitioner did not appeal. [*Id.* at 2, ¶ 8].

His conviction became final and the federal one-year statute of limitations period began on **February 9, 2018,** when the thirty-day period for filing a direct appeal expired following entry of the state court judgment. *See* Fla. R. App. P. 9.140(b)(3) (providing for thirty days following judgment to file notice of appeal); *see also Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012) ("[W]ith

---

[1]A copy of the state trial and appellate court dockets are being filed and made a part of this record by separate court order.

respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]").

Over **twenty-one months** later, in December 2019, Petitioner filed a motion for post-conviction relief, which was dismissed by the trial court on December 11, 2019. Less than a week later, Petitioner filed a motion seeking removal of his sex offender registration requirement, which was denied by trial court order entered on December 20, 2019. Petitioner filed an appeal, assigned Fourth District Court of Appeal, Case No. 4D20-0017, which remains pending.

While that proceeding was pending, in February 2020, Petitioner filed a motion to correct illegal sentence. Following the state's response, the court entered an order denying the motion. Petitioner moved for rehearing, which was denied by order entered on May 11, 2020. He filed an appeal therefrom, assigned Fourth District Court of Appeal, Case No. 4D20-658, which has been denied.

Although those collateral proceedings have not concluded, Petitioner has now come to this court filing his § 2254 petition, pursuant to the mailbox rule, on **June 11, 2020,** when he signed and then handed it to prison officials for mailing.[2] [ECF No. 1 at 15, 21].

### IV. Timeliness of Federal Petition

### A. Statutory Tolling Under § 2244(d)(1)(A)-(D)

The AEDPA implemented a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . ."). Specifically, AEDPA provides that the limitations period shall run from the latest of —

---

[2]Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (*per curiam*) (citing *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999)); *see also* Fed. R. App. P. 4(c)(1).

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Under the federal habeas corpus statute, 28 U.S.C. § 2254(a), as modified by the AEDPA, § 2244(d), a state habeas petition may challenge only the state-court judgment pursuant to which a petitioner is being held in custody. *See Patterson v. Sec'y, Fla. Dep't of Corr.,* 849 F.3d 1321, 1325 (11th Cir. 2017) (*en banc*) (citing 28 U.S.C. § 2244(b)). The only "judgment that matters for purposes of § 2244 is 'the judgment authorizing the prisoner's confinement.'" *Id.* at 1325 (quoting *Magwood v. Patterson,* 561 U.S. 320, 332 (2010)). Thus, the "AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final." *Vaughan v. Sec'y, Fla. Dep't of Corr.,* 770 F. App'x 554, 555 (11th Cir. 2019) (per curiam) (quoting *Ferreira v. Sec'y, Dep't of Corr.,* 494 F.3d 1285, 1293 (11th Cir. 2007)).

1. Statutory Tolling Under § 2244(d)(1)(A)

The first issue before this Court is whether this proceeding was instituted within a year of when Petitioner's conviction became final pursuant to § 2244(d)(1)(A). As discussed above, the Petitioner's judgment, based on his conviction and most recent sentence, became final and the statute of limitations began to run on **February 9, 2018**. *See Vaughan,* 770 F. App'x at 555

(finding that "judgment" under the AEDPA refers to the underlying conviction and most recent sentence authorizing petitioner's current detention) (quoting *Ferreira,* 494 F.3d at 1292). This federal proceeding was not filed until **June 11, 2020,** well over **one year** after Petitioner's conviction became final under § 2244(d)(1)(A). It is not timely under § 2244(d)(1)(A).

2. <u>Statutory Tolling Under §§ 2244(d)(1)(B)-(C)</u>

That, however, does not end the court's inquiry. Petitioner has not suggested that either § 2244(d)(1)(B) or (C) apply, nor is there any evidence of record to support a finding that Petitioner is entitled to statutory tolling on that basis.

3. <u>Statutory Tolling Under § 2244(d)(1)(D)</u>

Also, § 2244(d)(1)(D) is inapplicable because Petitioner has not suggested, nor is there anything in the record to suggest that the statute of limitations should be tolled on the basis of "new evidence" that would sufficiently restart the limitations period based upon "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Nothing of record suggests that the Petitioner's convictions are based on newly discovered evidence. To the contrary, his claims were reasonably discoverable, at the latest, by conclusion of his sentencing proceeding. Therefore, statutory tolling on this basis is not warranted.

## B. Statutory Tolling Under § 2244(d)(2)

Petitioner claims this Petition is timely because the federal limitations period was tolled while he pursued state post-conviction proceedings, and claims he filed this Petition within a year of their conclusion. [ECF No. 1 at 13]. Petitioner is mistaken.

It is true that the AEDPA's one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect

to the pertinent judgment or claim is pending . . ..” 28 U.S.C. § 2244(d)(2). Unless the appropriate limitations period was extended by properly filed state post-conviction or other collateral review proceedings, this federal petition remains time-barred pursuant to § 2244(d)(2). *See* 28 U.S.C. §2244(d)(2).

Although Petitioner began his state post-conviction collateral attacks in December 2019, none of those proceedings served to toll the one-year federal limitations period because they were filed after expiration of the limitations period, when there was no period remaining to be tolled. *See Cooke v. Sec'y, Dep't of Corr.,* 2019 WL 3562640, *1 (11th Cir. June 21, 2019) (citing *Webster v. Moore,* 199 F.3d 1256, 1259 (11th Cir. 2000) (*per curiam*).

As noted above, Petitioner waited over **one year** from the time his conviction became final in **February 2018** to file his first post-conviction collateral attack in **December 2019.** Where, as here, Petitioner created time gaps in the review process, the one-year clock continued to run. *See Kearse v. Sec'y, Fla. Dep't of Corr.,* 736 F.3d 1359, 1362 (11th Cir. 2013). Because there was nothing pending in the state courts between February 2018 and December 2019 that would serve to toll the limitations period, this petition is untimely under 28 U.S.C. § 2244(d)(2). *See Cooke,* 2019 WL 3562640 at *1 (citing *Webster,* 199 F.3d at 1259).

### V. Equitable Tolling

The timeliness issue is still not at an end because it next needs to be determined whether Petitioner is entitled to equitable tolling of the statute of limitations. *See Cadet v. Fla. Dep't of Corr.,* 853 F.3d 1216, 1218 (11th Cir. 2017) (citations omitted). Although not mentioned in the timeliness discussion of his Petition, there is nothing of record to suggest Petitioner should be entitled to equitable tolling, even if he were to claim, in objections, that there was no access to legal help or the law library.

"'[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly.'" *Lanier v. United States,* 769 F. App'x 847, 850 (11th Cir. 2019) (*per curiam*) (quoting *Hunter v. Ferrell,* 587 F.3d 1304, 1308 (11th Cir. 2009) (*per curiam*)). To be entitled to equitable tolling, Petitioner must demonstrate that (1) "'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 850 (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)). Petitioner bears the burden of establishing entitlement to equitable tolling. *See id.* (citing *Outler v. United States,* 485 F.3d 1273, 1280 (11th Cir. 2007) (*per curiam*)).

Extraordinary circumstances must be beyond a petitioner's control. *See Hunter*, 587 F.3d at 1308. Moreover, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). However, the diligence required for equitable tolling is "reasonable diligence not maximum feasible diligence." *Id*. (quotation omitted).

It is well settled that an inadequate prison law library or limited access to the library or prison law clerks does not establish extraordinary circumstances for equitable tolling. *See Bland v. State,* 2017 WL 5668005, at *3 (11th Cir. 2017) (citing *Atkins v. United States,* 204 F.3d 1086, 1089–90 (11th Cir. 2000)). Further, erroneous advice from an inmate law clerk also does not warrant equitable tolling. *See Deleon v. Fla. Dep't of Corr.,* 470 F. App'x 732, 734 (11th Cir. 2012) (*per curiam*).

Also, Petitioner provides no details on what efforts he made to obtain legal help or legal materials when he discovered the purported deficiencies at the prison where he is confined. He was required to do so. *See Aureoles v. Sec'y, Dep't of Corr.,* 609 F. App'x 623, 624 (11th Cir. 2015) (*per curiam*) (citing *Arthur v. Allen,* 452 F.3d 1234, 1253 (11th Cir.), *modified in part on*

7

*other grounds on reh'g,* 459 F.3d 1310 (11th Cir. 2006)). Thus, Petitioner has not demonstrated that he is entitled to equitable tolling of the federal limitations period.

This Court is not unmindful that Petitioner pursued collateral relief in the state forum. While he may have done so timely under state law, he waited more than one year to do so which caused his federal one-year limitations period to expire because there was no properly filed post-conviction proceedings pending which would act to toll the federal limitations period. Because Petitioner failed to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period. The time-bar is ultimately the result of Petitioner's failure to timely and properly pursue state post-conviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding is untimely, Petitioner's claims challenging the lawfulness of his judgment are now time-barred.

## VI. Fundamental Miscarriage of Justice/Actual Innocence

Petitioner has not alleged, nor does the record reflect, that a failure to review this § 2254 petition on the merits will result in a fundamental miscarriage of justice. *See Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003).

The fundamental miscarriage of justice exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. 478, 498 (1986)). Petitioner has not demonstrated that he is actually innocent of the convictions, and the documents made part of this record proves otherwise. In fact, he concedes he entered a no contest plea, for which he was adjudicated guilty and sentenced on numerous state offenses involving possession of child pornography. [ECF No. 1 at 1-2]. Petitioner has also not alleged or otherwise presented evidence to undermine the court's confidence in the outcome of Petitioner's criminal proceedings. *See*

*Milton v. Sec'y, Dep't of Corr's,* 347 F. App'x 528, 531-32 (11th Cir. 2009) (*per curiam*). Consequently, no fundamental miscarriage of justice will result by barring the claims raised in this habeas proceeding.

### VII. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on a petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle petitioner to relief. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.,* 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before this Court. Because this Court can "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby,* 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted.

### VIII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2254 habeas corpus petition has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). Where a district court has rejected Petitioner's constitutional claims on the merits, Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, this Court should deny a certificate of appealability. Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the Chief District Judge in objections.

### IX. Conclusion

Based upon the foregoing, it is recommended that:

1.      the federal habeas petition be **DISMISSED** as time-barred;

2.      judgment be entered in favor of Respondent;

3.      a certificate of appealability be **DENIED**; and,

4.      the case **CLOSED**.

Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the Chief District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** on this 9th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     John Tripodi, *Pro Se*
        DC#K93102
        Taylor Correctional Institution
        Inmate Mail/Parcels
        8501 Hampton Springs Road
        Perry, FL  32348

        Noticing 2254 SAG Broward and North
        Email: CrimAppWPB@MyFloridaLegal.com

10